UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:05-CR-64-DCR |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| LARRY RAY MILLER, ) | |
| ) | |
| Movant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On January 6, 2010, Movant Larry Ray Miller filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (D.E. 50). In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, this Court conducted a preliminary review of that motion, and determined that the motion was time-barred, with no evident basis for equitable tolling. (D.E. 51). The Court entered a show cause order to permit Movant to show why his § 2255 motion should not be dismissed as untimely, or in the alternative why equitable tolling was warranted. The Court has now reviewed Movant's response to the show cause order, D.E. 52-2, and upon a thorough review finds that Movant has failed to provide a sufficient basis in law or fact to toll the limitations period or otherwise render the motion timely. Therefore, for the reasons stated below, the Court **RECOMMENDS** that Movant's motion for relief under § 2255 be **DISMISSED** because the motion for relief is not timely.

## Prior Proceedings

On November 28, 2005, Movant pleaded guilty and was adjudged guilty of possession with intent to distribute five grams or more of methamphetamine, and with possession of a

firearm during and in relation to a drug trafficking crime. (D.E. 39). On March 27, 2006, the District Court sentenced Movant to 68 months imprisonment. (D.E. 43). Movant did not appeal.

On March 17, 2009, Movant filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which the District Court dismissed on the grounds that Movant had not shown that relief under § 2255 was inadequate or ineffective for any reason. (*See* D.E. 49). Movant then filed a motion with the Sixth Circuit seeking leave to file a second § 2255 motion, apparently believing that step was needed. On December 29, 2009, however, the Sixth Circuit denied the motion as unnecessary, noting that "[t]he district court did not construe the § 2241 petition under § 2255." (*Id.*). On January 6, 2010, Movant filed the § 2255 motion which is now before the Court, seeking relief based on an allegedly improper search under the Fourth Amendment.

Perceiving that Movant's § 2255 motion was barred by the one-year statute of limitations, the Court ordered Movant to respond to show why the motion was in fact timely, or in the alternative, why equitable tolling was appropriate in this case. (D.E. 51). In his response, Movant argues that he lacked knowledge of the statute of limitations. (D.E. 52-2 at p.3).

## **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for filing a motion under § 2255. The statute of limitations begins to run from the date Movant's judgment became final, or the occurrence of one of three other circumstances, none of which is applicable here. *See* 28 U.S.C. § 2255(f). According to the Sixth Circuit, "when a federal criminal Movant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the Movant could have appealed to the court of appeals, even when no notice of appeal was filed." *See Sanchez-*

2

*Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004); *see also* Fed. R. App. 4(b)(1) [1] (setting forth the time for filing a notice of appeal in a criminal case).

Here, the record makes clear that Movant's § 2255 motion is time-barred. The District Court entered judgment in the case on March 27, 2006. (D.E. 46). Because Movant did not appeal the judgment, it became final on April 10, 2006. [2] The period for filing a timely motion under 28 U.S.C. § 2255 expired one year later, on April 10, 2007. Movant did not file his § 2255 motion until January 6, 2010, almost 33 months late.

## **Equitable Tolling**

Because the § 2255 motion was not timely filed, the Court must recommend dismissal unless the doctrine of equitable tolling applies. The statute of limitations is not jurisdictional, and therefore, equitable tolling is permissible. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). However, the doctrine applies "sparingly," and the burden is on the Movant to prove its applicability. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). In evaluating whether to toll the limitation period, the Supreme Court has remarked: "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005).

To this end, the Sixth Circuit considers the following five factors: 1) the movant's lack of notice of the filing requirement; 2) the movant's lack of constructive knowledge of the filing

---

[1] In December 2009, the time period for filing a notice of appeal was extended from 10 days to 14 days. Thus, at the time the District Court entered judgment in this case, Rule 4(b)(1) provided for a 10-day period. For that reason, Movant had 10 days to file a notice of appeal in 2006.

[2] Because the version of Federal Rule of Appellate Procedure 26 in effect at that time directed that, when counting a periods of less than 11 days, intermediate Saturdays, Sundays and legal holidays were not to be counted, Movant's 10-day period ended on April 10, 2006.

requirement; 3) diligence; 4) absence of prejudice to the respondent; and 5) the movant's reasonableness in remaining ignorant of the legal requirement to file the claim. *See Allen v. Yukins*, 366 F.3d at 401. "This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano*, 346 F.3d at 605. The Sixth Circuit has also emphasized that "[a]bsence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d at 401. The bar remains quite high, however. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brookes Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (both cases discussing the statute of limitations in the context of § 2254 motions, governed by the same one-year AEDPA statute of limitations period as § 2255 motions).

Movant has not presented compelling reasons why equitable tolling is appropriate in this case. Movant avers that he failed to comply with the statute of limitations because he lacked knowledge of the law, and that this was caused by inability to afford counsel. (D.E. 52-2 at p. 3). The response seems to implicate the factors concerning actual and constructive notice. Movant has, however, failed to carry his burden. First, even if the Court accepted as true Movant's claim of ignorance, where a Movant lacks actual knowledge of the relevant provisions of AEDPA the Sixth Circuit has "repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Allen v. Yukins*, 366 F.3d 396, 403 (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

Moreover, Movant claims in his § 2255 motion that he was, in fact, innocent of the offense for which he was convicted. Movant has therefore shown a distinct lack of diligence in pursuing his rights. Movant took no action for almost three years, from judgment of conviction

4

in March 2006 to his errant application for a writ of habeas corpus in March 2009. Having considered the relevant factors, the Court finds no grounds for equitable tolling. The Court therefore recommends dismissal of Movant's § 2255 motion.

## Recommendation

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **DISMISS** Movant's motion for § 2255 relief. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This 17th day of November, 2010.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge